IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

LUZ-MARIA BARAJAS              3:10-CV-680-MA

      Plaintiff,              OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

      Defendant.

KIMBERLEY K. TUCKER
Swanson, Thomas & Coon
820 S.W. Second Ave, Ste 200
Portland, OR 97204
(503) 228-5222

    Attorneys for Plaintiff


DWIGHT C. HOLTON
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

GERALD J. HILL
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2139
     Attorneys for Defendant

MARSH, Judge.

   Plaintiff seeks judicial review of the Commissioner's final decision denying her June 28, 2004 applications for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-34 and supplemental security income benefits (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f.

   Plaintiff claims she has been disabled since June 18, 2003, because of panic disorder, agoraphobia, bipolar disorder, chronic fatigue syndrome, poor vision, and "problems with knees and wrists."  Her claim was denied initially and on reconsideration.

   On January 25, 2007, the Administrative Law Judge (ALJ) held an evidentiary hearing and on May 30, 2008, issued a Notice of Decision finding that although plaintiff has severe physical and psychological impairments, they would not prevent her from performing light work if she ceased her polysubstance abuse.

   On April 30, 2010, the Appeals Council denied plaintiff's request for review.  The ALJ's decision, therefore, is the

Commissioner's final decision for purposes of judicial review.

Plaintiff seeks an Order reversing the Commissioner's final decision and remanding the case for the payment of benefits.

For the following reasons, however, I **AFFIRM** the final decision of the Commissioner and **DISMISS** this action with prejudice.

## THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled. Bowen v. Yuckert, 482 U.S.137, 140 (1987). See also 20 C.F.R. § 416.920. Plaintiff bears the burden of proof at Steps One through Four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

At Step One, the ALJ found plaintiff had not engaged in substantial gainful activity since June 18, 2003.

At Step Two, the ALJ found plaintiff has severe impairments, including myalgia in her back, mild osteoarthritis in both knees, depressive disorder NOS, panic disorder, borderline intellectual functioning, and polysubstance dependence. 20 C.F.R. §404.920© (an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities).

At Step Three, the ALJ found plaintiff's impairments do not meet or equal any listed impairment. She has the residual

3 - OPINION AND ORDER

functional capacity, not considering her substance abuse, to perform light work that involves lifting and carrying 20 lbs occasionally and 5 lbs frequently, standing and walking for up to 4 to 6 hours in an 8-hour work-day.  She would need to be able to sit or stand at will, only occasionally climb, balance, kneel, crouch or be exposed to vibrations, and she should avoid hazards.  She is able to perform simple tasks that do not involve significant interaction with the public.  <u>Because of her polysubstance abuse, however, plaintiff would likely miss work at least twice a month</u>.  (Emphasis added).

    At Step Four, the ALJ found plaintiff is unable to perform her past relevant work as a construction worker (unskilled heavy work), grinder (semiskilled medium work), or any other work, if all her limitations, including substance abuse, are considered.

    The ALJ also found if plaintiff quit abusing substances, she would still have a severe impairment or combination of impairments but she would be able to perform light work involving lifting/carrying up to 20 lbs occasionally and 5 lbs frequently, and standing, walking, and/or sitting for 4-6 hours in an 8-hour workday, as long as she had the option of standing or sitting at will.

    Based on these findings, the ALJ found plaintiff's substance abuse is a contributing factor to a disability determination.

4 - OPINION AND ORDER

Accordingly, the ALJ also found plaintiff is not disabled and, therefore, not entitled to DIB or SSI.

## LEGAL STANDARDS

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, the claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A).

The court must affirm the Commissioner's decision if the ALJ applied proper legal standards and made findings supported by substantial evidence in the entire record. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the "evidence is

5 - OPINION AND ORDER

susceptible to more than one rational interpretation."  <u>Andrews</u>, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record. <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991).  The duty to further develop the record, however, is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  <u>Mayes v. Massanari</u>, 276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.), <u>cert. denied</u>, 121 S. Ct. 628 (2000).  "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded."  <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981).

## **DISCUSSION**

The issue is whether the ALJ erred in finding plaintiff is able to engage in substantial gainful activity if purported limitations attributed to her admitted substance abuse, *i.e.*, the likelihood she would have two or more absences from the workplace each month, are not considered.

Plaintiff contends hearing testimony of psychologist Robert Davis, Ph.D. concerning plaintiff's poor memory undermines the

6 - OPINION AND ORDER

ALJ's finding that plaintiff would be able to engage in light work if her substance abuse stopped.

Dr. Davis testified that he reviewed plaintiff's medical records and based on that review, concluded plaintiff suffered from a severe cognitive disorder NOS both before she began using cocaine and since she began using alcohol along with cocaine. He further opined that although plaintiff's condition did not meet any Listing, she had "probably marked" limitations in concentration, persistence and pace,[1] as well as mild limitations in activities of daily living and social functioning.  He also testified, however, that plaintiff should be able to perform work involving simple tasks in a quiet work environment in which she has minimal interaction with the public and other employees.

Dr. Davis also opined plaintiff's past use of cocaine and alcohol "certainly" contributed to plaintiff's disability "over a good many years."  Moreover, plaintiff's use of cocaine until 2004 likely impacted her ability to work for at least two years.

Plaintiff argues Dr. Davis' testimony is "equivalent" to an opinion by psychologist Paul Guastadisegni, Ph.D, following an extensive neuropsychological evaluation of Plaintiff in 2006 that plaintiff suffered from Cognitive Disorder NOS, Panic Disorder,

---

[1] In follow-up questioning from the ALJ, Dr. Davis described plaintiff's limitations in concentration, persistence, and pace, as moderate.

7 - OPINION AND ORDER

Mood Disorder NOS, and Poly Substance Abuse Disorder, in early full remission.  Dr. Guastadisegni assigned a GAF score of 47 - Serious impairment of social, occupational or school functioning.  Dr. Guastadisegni noted plaintiff "should be encouraged to apply for disability benefits due to her low cognitive scores and significant mental health problems."

On this record, the court disagrees with plaintiff that the opinions of Dr. Davis and Dr. Guastadisegni were "equivalent," *i.e.*, that plaintiff was disabled regardless of her substance abuse issues.

As set forth above, Dr. Davis opined plaintiff's use of cocaine had impacted her ability to work, but she should be able to work in a quiet work environment performing simple tasks with limited public interaction.  Dr. Guastadisegni's examination focused on plaintiff's IQ and cognitive limitations.  He did not address the impact of plaintiff's ongoing poly-substance abuse on her ability to engage in substantial gainful activity other than to state that at the time of the examination, plaintiff was in early remission.

On this record, the court concludes the Commissioner's final decision denying plaintiff's claim for DIB and SSI was supported by substantial evidence in the record as a whole.

8 - OPINION AND ORDER

## CONCLUSION

For all the reasons set forth above, the Commissioner's final decision denying benefits to plaintiff is **AFFIRMED** and this matter is **DISMISSED** with prejudice.

IT IS SO ORDERED.

DATED this 13 day of September, 2011.

                                          /s/ Malcolm F. Marsh
                                          MALCOLM F. MARSH
                                          United States District Judge